UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAVIER MATHEWS,
FDOC Inmate No. J27519,
    Plaintiff,

vs.                                                             Case No.: 3:24cv00167/MCR/ZCB

J STREEIT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He instituted this action without paying the filing fee, and he has filed a motion to proceed *in forma pauperis* (IFP). (Doc. 2). Upon review of Plaintiff's litigation history, the undersigned recommends this case be dismissed without prejudice because Plaintiff is a three-striker who is barred from proceeding IFP. Thus, he was required to pay the filing fee upon initiating this suit.

### I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated .

1

. . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g).  The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*. According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating

2

that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That search has revealed that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, including:

- *Mathews v. Johnson*, No. 5:22cv00306 (N.D. Fla. Feb. 10, 2023) (dismissed as malicious);

- *Mathews v. Walters*, No. 3:22cv19312 (N.D. Fla. Oct. 18, 2022) (dismissed as malicious); and

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- *Mathews v. Duval Cnty. Courthouse*, No. 3:16cv723 (M.D. Fla. June 15, 2016) (dismissed as frivolous).[2]

In fact, this Court has previously recognized Plaintiff as a three striker who is barred from proceeding IFP. *See, e.g., Mathews v. Johnson*, No. 5:22cv00306 (N.D. Fla. Feb. 10, 2023); *Mathews v. City of Wewahitchka*, No. 5:22cv00109 (N.D. Fla. July 5, 2022). What's more, just one week prior to filing the current case, Plaintiff's previous case—which is largely based on the same facts as the current complaint—was dismissed for Plaintiff's status as a three-striker. *See Mathews v. Streeit*, 3:24-cv-00119 (N.D. Fla. Apr. 11, 2024).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so.

With his complaint, Plaintiff has submitted a "Notice to the Court," in which he asserts he is under "imminent danger," as required for the exception in § 1915(g) to apply. (*See* Doc. 3). The allegations in this two-

---

[2] The plaintiff in these cases identifies himself with the same inmate number as Plaintiff here.

paragraph filing allege Defendant Streeit threatened physical violence against Plaintiff on two occasions, a few weeks prior to filing the present case. (*See id.*). Plaintiff's allegations fall short of satisfying the narrow imminent danger exception.

The exception requires the complaint, as a whole, to allege imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires a showing of "specific, credible allegations of imminent-danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up). Conclusory and generalized allegations are insufficient. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger). Rather, what is required are "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Additionally, the plaintiff must be in such imminent danger of serious physical injury at the time he files the lawsuit—not at the time

of the alleged incident that gave rise to the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, Plaintiff's complaint alleges that on January 5, 2024, Defendant correctional officers Streeit and John Doe pushed Plaintiff's face against a wall and a pipe, resulting in a laceration to Plaintiff's forehead. (Doc. 1 at 5). Additionally, Plaintiff's "imminent danger" allegations assert Defendant Streeit twice threatened Plaintiff with physical violence a few weeks prior to him filing the present case. (*See, e.g.,* Doc. 3 at 2) ("[Defendant] told Plaintiff he's just waiting on the right time so him and his boys can take [Plaintiff] out back and beat him to death.").

Plaintiff's allegations fail to establish Plaintiff is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Indeed, general allegations of threatened physical abuse do not amount to "specific fact allegations" of imminent future harm. *See Sutton*, 334 F. App'x at 279; *see also Godhigh v. Wester*, No. 5:18cv141, 2018 U.S. Dist. LEXIS 124398, at *3 (N.D. Fla. June 20, 2018) (determining that allegations of a correctional officer threatening to "knock plaintiff's teeth in[to the] back of his head" did not convey imminent danger of serious physical injury); *Brown*, 38 F.3d at 1350 (determining that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy the imminent danger exception); *Dice v. Inch*, No. 3:20cv5777, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("[The plaintiff's] allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm."), *adopted by*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020). And just one month ago, this Court advised Plaintiff that general allegations of threatened physical abuse were insufficient to invoke the imminent danger exception (*See* Case No. 3:24cv00119, Doc.

7

4), yet Plaintiff filed another case alleging that threatened physical abuse put him in "imminent danger." Looking to Plaintiff's complaint as a whole, in which Plaintiff alleges an incident of physical violence that occurred over four months ago, it does not appear this is a "genuine emergenc[y]" in which "time is pressing" and the threat is "real and proximate." *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In short, Plaintiff has not established that the "imminent danger" exception to the three-strike rule applies here. Dismissal without prejudice is, therefore, appropriate.

## II. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 2), be **DENIED**.

2. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 22nd day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.